UNITED STATES, Appellee,

v.

Specialist Four Brooks T. WILSON
U.S. Army, Appellant.

No. 48,714.
SPCM 19493.

U.S. Court of Military Appeals.

Sept. 16, 1985.

For appellant: Lieutenant Colonel William P. Heaston, Major Edwin D. Selby, and Captain Audrey H. Liebross (on motions).

For appellee: Lieutenant Colonel Thomas M. Curtis and Captain Karen A. Charbonneau (on motions).

*Opinion of the Court*

ON

MOTIONS

PER CURIAM:

Appellant was convicted by special court-martial of larceny and burglary, in violation of Articles 121 and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 929, respectively. He was sentenced to a bad-conduct discharge, confinement and forfeiture of $382.00 pay per month for 4 months, and reduction to E–1. The convening authority approved the sentence but suspended the execution of so much of the confinement as exceeded 75 days. Thereafter, the case was referred to the United States Army Court of Military Review pursuant to Article 66(b), UCMJ, 10 U.S.C. § 866(b). That court approved the findings and, except for reducing the confinement to 75 days, approved the sentence.

In due course, appellant filed a petition for grant of review with this Court. On March 27, 1984, this Court remanded the case for the Court of Military Review to consider an issue which had been raised here for the first time. 18 M.J. 6. On October 23, 1984, the Court of Military Review issued a second opinion affirming the findings of guilty but setting aside the sentence, and authorizing a rehearing on the sentence. Subsequently, appellant filed a second petition for grant of review with this Court.

Appellee then moved to remand the case for a third review by the Court of Military Review. Submitting that, "on information and belief, a military judge sitting as a special court-martial at Fort Riley, Kansas, sentenced appellant to confinement at hard labor for 6 months, a fine of $1500.00, and reduction to the grade of E–1," counsel for appellee argued that the case should be remanded because the convening authority had not acted upon the case and so it was "not ripe for this Honorable Court's consid-

eration." Later, however, appellee moved to withdraw the motion to remand and moved to dismiss the petition for grant of review on the ground that the sentence adjudged during the rehearing on sentence precluded review by the Court of Military Review or by this Court under Articles 66 and 67, UCMJ, 10 U.S.C. §§ 866 and 867, respectively.

Appellee's current position, as expressed in the motion to dismiss, misconstrues the jurisdiction of both Courts under these Articles. In *United States v. Bullington,* 13 M.J. 184 (C.M.A.1982), this Court held that a case which had originally been submitted to a Court of Military Review under Article 66, and which had been returned by that court to the convening authority for further action, could be reviewed again by the intermediate appellate court, even though the convening authority had reduced the sentence below the jurisdictional limits established for direct review in the first instance under Article 66. Although the case was submitted to the Court of Military Review by a petition for extraordinary relief after the second convening authority's action, we observed that the manner of submission was not determinative, *United States v. Bullington, supra* at 186. In our view, the Court of Military Review had correctly reasoned that it was empowered by the Uniform Code of Military Justice to assure that its earlier decision had been enforced. Thus, we held that under Article 66 the Court of Military Review possessed ancillary jurisdiction to review the case. *See* 20 Am Jur 2d, Courts §§ 100–102.

 Thus, *Bullington* clearly stands for the proposition that the Courts of Military Review have jurisdiction to review cases which have been returned to the trial court or to the convening authority for additional proceedings—regardless of the sentences adjudged or approved below after their return. Although the present case involves a sentence rehearing conducted by a military judge and *Bullington* concerned a sentence reduction by a convening authority, we perceive no distinction in legal rationale. In either case the appellate court should be allowed to determine if its initial decision has been properly applied and enforced.

Accordingly, appellee's motions to dismiss the petition for grant of review and to withdraw the motion to remand are denied; appellee's motion to remand to the United States Army Court of Military Review is granted; and the case [1] is returned to the Judge Advocate General of the Army for submission to an appropriate convening authority [2] for review under Article 64, UCMJ, 10 U.S.C. § 864; thereafter, the record of trial will be referred to the Court of Military Review for review under Article 66.

Judge FLETCHER did not participate.

1. The record of trial has not been filed with this Court.

2. We have not been informed whether the convening authority already has acted in the present case.