UNITED STATES, Appellee,

v.

Specialist Four Roy L. MONTESINOS, 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, United States Army, Appellant.

SPCM 18720.

U.S. Army Court of Military Review.

14 May 1987.

For Appellant: Colonel Brooks B. La Grua, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before FELDER, SMITH and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

FELDER, Senior Judge:

### Procedural History

On 25 August 1982, appellant pleaded guilty at a special court-martial to larceny of $1900.00 worth of personal property. A panel of officer members sentenced appellant to a bad conduct discharge, confinement for six months, forfeitures of $367.00 pay per month for six months, and reduction to Private E-1. Pursuant to the pretrial agreement, the convening authority, Major General (MG) Anderson, approved the sentence and suspended the confinement in excess of three months and the forfeitures in excess of $300.00 pay per month for three months.

Upon initial review by this Court, appellant assigned two errors (jurisdiction over the offense and inadequate providence inquiry) and personally asserted the same matters on the appellate rights form. The *findings of guilty and the sentence were affirmed* by this Court. *United States v. Montesinos*, SPCM 18720 (A.C.M.R. 26 Oct. 1983) (unpub.). In the petition to the United States Court of Military Appeals, appellant, for the first time raised the question

of command influence. Upon motion by the government, the United States Court of Military Appeals remanded the case to this Court for further review.

This Court determined on remand that it had insufficient evidence to decide whether the sentence proceedings were infected by unlawful command influence. Accordingly, a limited hearing was authorized to determine what effect, if any, MG Anderson had on the sentencing proceedings. It was further directed that the record be returned to this Court after completion of the limited hearing for consideration of the command influence issue.[1] In the alternative, this Court stated that "if the convening authority determines that such a hearing is impracticable, he may order a rehearing on the sentence." *United States v. Montesinos*, 21 M.J. 679, 683 (A.C.M.R. 1985). This Court's opinion on remand did not set aside either the findings of guilty or the sentence, which had been previously affirmed.

Appellant was ordered from excess leave to a duty status. On 25 June 1986, the staff judge advocate at Fort Leavenworth, Kansas, concluded that a limited hearing was impracticable and recommended to the convening authority that he "set aside the sentence and order a rehearing as to sentence *based on the affirmed findings*." (Emphasis added.) The convening authority directed that the case be referred to a special court-martial empowered to adjudge a bad conduct discharge. On 1 July 1986 appellant submitted a request for discharge for the good of the service. On 7 July 1986, appellant's duty status was rescinded.

The staff judge advocate recommended that the convening authority withdraw the case and *set aside the findings of guilty and the sentence* with a view toward approving the request for discharge under the provisions of Chapter 10, Army Regulation 635–200, Personnel Separations—Enlisted Personnel (5 July 1984). On the

same day, 15 August 1986, the convening authority approved the request for discharge and directed the issuance of an Other Than Honorable Discharge Certificate. On 25 August 1986, the convening authority determined that a sentence rehearing was no longer practicable, dismissed the charges, and set aside the findings of guilty and the sentence. The record of trial and all the related documents were then returned to this Court, whereupon the following issues were specified by this Court and briefed by counsel:

I

WHETHER THE ACTION OF THE CONVENING AUTHORITY DATED 25 AUGUST 1986, WHICH DISMISSED THE CHARGES AND SET ASIDE THE FINDINGS OF GUILTY AND THE SENTENCE, IS VOID? *SEE* RULE FOR COURTS–MARTIAL 1107(f)(2).

II

ASSUMING AN AFFIRMATIVE ANSWER TO SPECIFIED ISSUE I, WHAT ACTION, IF ANY, MAY THIS COURT TAKE WITH RESPECT TO THE FINDINGS OF GUILTY AND THE SENTENCE?

### Powers of a Convening Authority

The initial action taken on a court-martial by a convening authority is a matter of command prerogative. At that stage, a convening authority may disapprove findings of guilty and dismiss the charges for any reason or for no reason at all. *See* Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter R.C.M.] 1107(b), and Discussion thereto; Article 60(c), Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 860(c). Unless the sentence approved by a convening authority extends to death, a punitive discharge, or confinement of one year or more, jurisdiction does not vest in

---

1. The opinion noted that the findings of guilty were unaffected by the potential command influence issue.

this Court. Article 66(b)(1), UCMJ, 10 U.S.C. § 866(b)(1). However, once appellate jurisdiction has properly vested, it continues until the completion of appellate review.[2] This is grounded in the inherent power of appellate courts and public policy regarding the finality of convictions. *See, e.g., United States v. Wilson,* 20 M.J. 335 (C.M.A.1985).

■ As a subordinate authority in the statutory military criminal justice system, a convening authority may not "extinguish" jurisdiction which has properly vested with a court of military review. *See, e.g., United States v. Browers,* 20 M.J. 356, 358 (C.M.A.1985) (a convening authority cannot defeat vested jurisdiction by subsequently reducing the sentence below the jurisdictional level); *United States v. Davis,* 22 M.J. 651 (A.C.M.R.1986) (a court of military review has supervisory authority which may be invoked to preserve the integrity of the judicial system), *petition granted on other grounds,* 24 M.J. 201, (C.M.A. 1987). An appellate court would cease to be a functional entity if a convening authority had the power to eviscerate appellate jurisdiction by a supplemental action.

### *Authority of a Court of Military Review*

■ Appellant and the government believe that the convening authority has the inherent power to disapprove the findings in a court-martial. They confuse the initial action taken on a case by a convening authority with supplemental proceedings authorized by this Court as a superior competent authority. *See* R.C.M. 1107(e)(1)(B)(iii) and Discussion thereto. In this latter situation, the power of the convening authority derives from the court of military review. As a result, the court may prescribe specific parameters within which the convening authority has the authority to act. For example, if a court of military review remands a case to a convening authority for the specific purpose of conducting a rehearing on sentence, that convening authority has no power to act with respect to the findings of guilty. *See United States v. Barfield,* 2 M.J. 136, 137 (C.M.A. 1977).

■ In this particular case, the findings of guilty were affirmed by this Court upon initial appellate review. Appellate jurisdiction had unequivocally attached. Appellant then petitioned the United States Court of Military Appeals and the case was subsequently remanded to this Court, thereby revesting jurisdiction. *See* Article 67(f), UCMJ, 10 U.S.C. § 867(f). This Court returned the record to a convening authority to order a limited evidentiary hearing or a rehearing on the sentence. 21 M.J. at 683. The convening authority subsequently dismissed the charges and approved appellant's request for an administrative discharge.[3]

### *Conclusion*

■ The dismissal of the charges by the convening authority was manifestly beyond the scope of what was directed by this Court when the case was returned for a limited factual hearing. Appellant and the government would have us believe that this Court has no authority to ensure compliance with and the proper execution of its decisions. There is competent authority to the contrary. *See, e.g., United States v. Wilson,* 20 M.J. at 336; *United States v.*

---

**2.** An accused may waive appellate review altogether. *See* Articles 66(b)(2) and 61(a), UCMJ, 10 U.S.C. § 861(a); R.C.M. 1110(b)(2). Such a waiver was not filed in this case as the trial concluded before the effective date of the Manual for Courts-Martial, United States, 1984.

**3.** We note that even this action does not alter the existence of our jurisdiction. *See, e.g., United States v. Caputo,* 18 M.J. 259, 263 (C.M.A. 1984); *United States v. Schuering,* 36 C.M.R.

480, 486 (C.M.A.1966); *United States v. Speller,* 24 C.M.R. 173, 178 (C.M.A.1957). While paragraph 1–24*b* of the regulation provides that "[e]nlisted personnel under a sentence to a dishonorable or bad conduct discharge will not be discharged before appellate review is completed, unless so directed by HQDA," we express no opinion as to the validity of the administrative discharge approved by the convening authority in this case.

*Bullington,* 13 M.J. 184, 186–87 (C.M.A. 1982); *United States v. Davis,* 22 M.J. at 655; R.C.M. 1107(f)(2). A contrary rule would permit a convening authority to avoid the proper directives of a court of military review by reducing the sentence below the jurisdictional minimum, or as was done in this case, by approving an administrative discharge and dismissing the charges.[4] As a result, we find that the action of the convening authority, which purported to dismiss the charges, was beyond the grant of remedial authority given by this Court. Accordingly, that action is void,[5] and is, therefore, set aside.

The findings of guilty are again affirmed.[6] Based on the entire record, the court affirms a sentence of no punishment.

Judge ROBBLEE concurs.

Judge SMITH took no part in the decision of this case.

4. While this latter scenario might be advantageous to an individual accused, the interests of justice and respect for the law are not enhanced by the unilateral circumvention of judicial orders and decisions.

5. While we could direct modification of the supplemental action by the convening authority (*see* R.C.M. 1107(f)(2)), we deem it more reasonable under the particular facts of this case to resolve the matter at this level.

6. While this case was under consideration appellant submitted a motion to withdraw it from appellate review pursuant to R.C.M. 1110. This withdrawal was submitted after appellant's response to the issues specified by this Court. Since we do not want to preclude appellant's right to petition the Court of Military Appeals for review of our decision in this case, we shall deny the motion to withdraw the case from appellate review without prejudice to appellant's right to resubmit the motion at a later date. R.C.M. 1110(g)(3).