**UNITED STATES**

**v.**

**Clyde P. BOUDREAUX, 435 56 4627, First Lieutenant (0–2), U.S. Marine Corps.**

**NMCM 74 2361R.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 2 Dec. 1975.

Decided 30 June 1988.

LCDR Alvin L. McDonald, JAGC, USN, Appellate Defense Counsel.

Maj. James Carlson, USMC, Appellate Defense Counsel.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Government Counsel.

Lt. Georjan D. Overman, JAGC, USNR, Appellate Government Counsel.

Before the court en banc.

COUGHLIN, Senior Judge:

This case is before us for a second time and, on our own motion, we consider it *en banc.*

Contrary to his pleas before the first general court-martial tried by military judge alone in February and March 1974, appellant was found guilty of five specifications of violating lawful general regulations under Charge II; one specification of signing a false official statement under Additional Charge I; and one specification of false swearing under Additional Charge II, in violation of, respectively, Articles 92, 107, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. 892, 907, and 934. He was acquitted of other charges and was sentenced to be dismissed from the service.

In our opinion dated 19 August 1975, we affirmed the findings of guilty to Charge II and Specification 5 thereunder and to Additional Charges I and II with a single specification under each such charge. The findings of guilty to Specifications 1 thru 4 of Charge II and the sentence were, however, set aside. We returned the record to the convening authority, authorizing him to order a rehearing on Specifications 1 through 4 of the Article 92 violations and on the sentence or, alternatively, to order a rehearing on the sentence only as to the charges and specifications which we had affirmed. *United States v. Boudreaux,* No. 74 2361 (NCMR 19 August 1975).[1]

On 28 October 1975, the convening authority, pursuant to our decision, ordered a rehearing at a general court-martial of

---

1. On 26 September 1975, the appellant petitioned the Court of Military Appeals (COMA) to review our decision. The Government, in a Motion to Dismiss this petition, asserted that "since this case is presently before the convening authority for rehearing, and since upon rehearing the case will be forwarded to the Navy Court of Military Review for further review, the petition should be dismissed as premature." On granting the Government's motion, COMA, in an order dated 4 December 1975, dismissed the petition for grant of review as "premature." Neither COMA's dismissal nor the grounds the Government proffered therefor are relevant to the issues now before us. Nevertheless, such may have a bearing on COMA's decision of whether to grant any forthcoming petition by the appellant to review our instant decision. In any event, we may not, by our action, divest COMA of its jurisdiction in the case. *United States v. Bullington,* 13 M.J. 184, 186 (C.M.A. 1982).

Specifications 1 through 4 of Charge II and the sentence. At the rehearing, held on 2 December 1975, the appellant was found guilty pursuant to his pleas of Specifications 1 thru 3 of Charge II.[2] For these offenses and the offenses for which we previously affirmed guilty findings, the appellant was sentenced by court-martial members to be reprimanded, to pay a fine of $1000, and to lose 2950 numbers on the lineal list. The sentence did not include a dismissal from the Naval Service. The convening authority's action on the rehearing approved the sentence as adjudged and directed that "[t]he record of trial [be] forwarded to the Judge Advocate General of the Navy for examination under Article 69, Uniform Code of Military Justice." On 14 May 1976, the Office of the Judge Advocate General (OJAG) reviewed the rehearing pursuant to Article 69, 10 U.S.C. § 869 and determined, "The proceedings, findings, and sentence as approved by the convening authority are found correct in law and fact."

For over ten years the case remained dormant. Then on 1 July 1986, the Judge Advocate General returned the record of trial to the Navy–Marine Corps Court of Military Review "for completion of appellate review under Article 66" of the UCMJ on the basis that OJAG review of the rehearing of a case initially reviewed by our Court under Article 66, 10 U.S.C. § 866 would appear to be precluded by the plain wording of Article 69. In separate correspondence, dated 4 March 1987, the Judge Advocate General requested that in our consideration of the case, the Court give attention to the following issue:

WHETHER EXAMINATION UNDER ARTICLE 69, UCMJ, IS PRECLUDED IN A REMANDED CASE ONCE JURISDICTION HAS BEEN PREVIOUSLY EXERCISED BY A COURT OF MILITARY REVIEW UNDER ARTICLE 66, UCMJ, EVEN THOUGH THE REHEARING RESULTED IN A SENTENCE THAT NO LONGER MEETS THE JURISDICTIONAL REQUIREMENTS OF ARTICLE 66(c), UCMJ?

We next ordered appellate counsel to brief the above issue and the following analogous issue:

WHETHER THIS COURT MAY OR MUST NOW ACT IN THE ABOVE–ENTITLED CASE UNDER ARTICLE 66, UNIFORM CODE OF MILITARY JUSTICE, NOTWITHSTANDING THE PRIOR EXAMINATION OVER 10 YEARS AGO OF THE RECORD OF TRIAL IN THE OFFICE OF THE JUDGE ADVOCATE GENERAL UNDER ARTICLE 69, UCMJ?

We answer the first issue in the negative. That is, OJAG review under Article 69 is not precluded solely because we previously reviewed the case under Article 66, UCMJ. Neither the plain language of Article 69[3] nor its legislative history requires a contrary conclusion. Accordingly, Article 69 review by OJAG is appropriate in a remanded case under the same circumstances as if we had not previously reviewed the case, provided we do not exercise our ancillary jurisdiction as discussed below.

Having decided that OJAG was authorized to act under Article 69, the crux of the second issue is whether we are now required or permitted to act under Article 66. We conclude that we are permitted to do so, but are not required to.

---

2. The Government declined to go forward on Specification 4 and that specification was dismissed by the military judge.

3. Article 69 was amended between the time OJAG initially reviewed this case in 1976 and the present. The pertinent portion of Article 69 at the time of the OJAG review read as follows:

Every record of trial by general court-martial, in which there has been a finding of guilty and a sentence, the appellate review of which is not otherwise provided by section 866 of this title (article 66), shall be examined in the office of the Judge Advocate General.

Currently, Article 69 reads thusly:

The record of trial in each general court-martial that is not otherwise reviewed under section 866 of this title (article 66) shall be examined in the office of the Judge Advocate General if there is a finding of guilty and the accused does not waive or withdraw his right to appellate review under section 861 of this title (article 61).

■ Once we exercise jurisdiction under Article 66, as in the instant case, we retain ancillary jurisdiction to review cases which have returned to the trial court or to the convening authority for additional proceedings—regardless of the sentence adjudged or approved below after their return. *United States v. Wilson*, 20 M.J. 335, 336 (C.M.A.1985) (citing *United States v. Bullington*, 13 M.J. 184 (C.M.A.1982)). As the Court of Military Appeals noted in *Wilson*, "the appellate court [the Court of Military Review] should be allowed to determine if its initial decision has been properly applied and enforced."

■ The exercise of this ancillary jurisdiction, however, is discretionary. That is, although empowered to do so, we are not required to again exercise jurisdiction over a case that, upon rehearing, falls below the sentence threshold for our mandatory review under Article 66(b)(1), UCMJ.[4] Furthermore, we normally will refrain from exercising our ancillary jurisdiction in such cases unless the mandate in our original action directed that the record be returned for further review. If return of the record is not so mandated, the review of such remanded cases need only comply with the procedures for review set forth in the UCMJ and the Manual as if we had not previously entertained the case for review. *See* Articles 64 and 69, UCMJ, 10 U.S.C. § 864, and R.C.M. 1112 (Review by a judge advocate) and R.C.M. 1201 (Action by the Judge Advocate General). Should the convening authority or the military judge upon rehearing fail to comply with our mandate the accused may seek remedial action from us by means of a petition for extraordinary relief or otherwise.

■ The question therefore arises as to whether we should exercise our ancillary jurisdiction in the instant case. Our mandate in the original action did not direct that the case be returned to us for further review, the convening authority strictly complied with our mandate, the case was thereafter reviewed by the OJAG pursuant to Article 69, and there appears to be no other good reason to disturb the finality of the decision.

Accordingly, we decline to exercise our jurisdiction in this case. The record of trial is returned to the Judge Advocate General for appropriate disposition in accordance with this decision.

Chief Judge BYRNE, Senior Judge RILEY and Judges MIELCZARSKI and RUBENS concur.

GLADIS, Judge (dissenting):

I dissent because I disagree with the Court's refusal to exercise our mandatory jurisdiction under Article 66 to review this case.

The issues presented are, first, whether examination under Article 69, Uniform Code of Military Justice (UCMJ), is precluded in a remanded case once jurisdiction has been previously exercised by a Court of Military Review under Article 66, UCMJ, even though the rehearing resulted in a sentence that no longer meets the jurisdictional requirements of Article 66(b), and, second, whether this Court may or must now act in this case under Article 66, UCMJ, notwithstanding the prior examination over 10 years ago of the record of trial in the Office of the Judge Advocate General under Article 69. I conclude that examination under Article 69 is precluded in these circumstances and that this Court must exercise its continuing jurisdiction under Article 66.

The facts are set forth in Judge Coughlin's opinion.

The version of Article 69 in effect when the convening authority forwarded the record of trial for examination under that Article in 1976 provided that every record of trial by general court-martial, in which there had been a finding of guilty and a sentence, the appellate review of which was not otherwise provided for by Article

---

4. Article 66(b)(1) of the UCMJ makes review of a court-martial record of trial by a Court of Military Review (CMR) mandatory in each case "in which the sentence, as approved, extends to death, dismissal of a commissioned officer, ... dishonorable discharge or bad-conduct discharge or confinement for one year or more...."

66, would be examined in the Office of the Judge Advocate General. The current version of Article 69, enacted by the Military Justice Act of 1983, provides that the record of trial in each general court-martial that is not otherwise reviewed under Article 66 shall be examined in the Office of the Judge Advocate General if there is a finding of guilty and the accused does not waive his right to appellate review under Article 61, 10 U.S.C. § 861.

The version of Article 66(b) in effect when the convening authority forwarded the record to the Judge Advocate General for examination under Article 69 in 1976 provided that the Judge Advocate General would refer to a Court of Military Review the record in each case of trial by court-martial in which the sentence, as approved, affected a general or flag officer or extended to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more. The current version of Article 66(b), enacted by the Military Justice Act of 1983, provides that the Judge Advocate General shall refer to a Court of Military Review the record in each case of trial by court-martial in which the sentence, as approved, extends to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more, and, except in the case of a sentence extending to death, the right to appellate review has not been waived or an appeal has not been withdrawn under Article 61.

Unless the sentence approved by the convening authority extends to death, a punitive discharge, or confinement of one year or more, jurisdiction does not vest in the Court of Military Review. Article 66(b), UCMJ; *United States v. Montesinos,* 24 M.J. 682 (A.C.M.R.1987). Courts of Military Review have jurisdiction to review cases which have been returned to the trial court or the convening authority for additional proceedings—regardless of the sentences adjudged or approved below after their return. *United States v. Wilson,* 20 M.J. 335, 336 (C.M.A.1985) (citing *United States v. Bullington,* 13 M.J. 184 (C.M.A.

1982)). Once appellate jurisdiction has properly vested, it continues until completion of appellate review. *United States v. Montesinos, supra.* Just as we cannot divest the Court of Military Appeals of its jurisdiction, so the court below or the convening authority cannot divest us of ours. *See United States v. Browers,* 20 M.J. 356, 358 (C.M.A.1985).

The plain meaning of Article 69 is that only those cases which are not reviewable by a Court of Military Review under Article 66 may be properly examined in the Office of the Judge Advocate General under Article 69. The Judge Advocate General does not have discretion to refuse to forward for review under Article 66 a case reviewable under Article 66. Therefore, examination of the case before us by the Judge Advocate General under Article 69 was not proper.

A Court of Military Review's appellate jurisdiction under Article 66 is mandatory. *United States v. Roettger,* 17 M.J. 453, 457 (C.M.A.1984). In the absence of a proper waiver by the accused of his right to appellate review or withdrawal of his appeal under Article 61, the Court must exercise such jurisdiction. The accused in this case cannot waive appellate review or withdraw his appeal because he was tried before the effective date of the Military Justice Act of 1983 which permits waiver or withdrawal. P.L. 98–209, 12(a)(4). Therefore, the Court must review the case. Whether the accused or the Judge Advocate General desires it to do so is irrelevant. *See United States v. Cain,* 5 M.J. 698 (N.C.M.R.1978). Indeed, whether the Court itself desires to review the case is irrelevant. The refusal of the Court to exercise its appellate jurisdiction under Article 66 in this case means that the accused's conviction is not final under Article 76, UCMJ, 10 U.S.C. § 876, because appellate review has not been completed. The suggestion of the Court that cases remanded in the future need not be returned for completion of appellate review unless the Court has so directed on remand means that these cases will not be final. I dissent from the Court's refusal to exercise

its mandatory appellate jurisdiction in this case.

Judge ALBERTSON joins in Judge Gladis' dissent.

CASSEL, Judge (dissenting):

To the extent that the only issue before us is whether this case must be reviewed by this Court under Article 66, Uniform Code of Military Justice (UCMJ), I disagree with the majority decision. I also disagree with the new method of review which the majority opinion has created by its fiat.

First, the question presented by the forwarding of this case from the Judge Advocate General is only whether this Court must review it under Article 66, UCMJ, when, after a rehearing, the case was mistakenly reviewed by the Office of the Judge Advocate General—purportedly under Article 69, UCMJ. The answer to this narrow issue is dictated by the chronology of this case. The opinion of this Court was dated 19 August 1975. The mandate from the Judge Advocate General to the original convening authority (Appendix I) ordered that the record be returned. (At that time 0122 of the Manual of the Judge Advocate General required that *all* General Court-Martial cases be forwarded to the Navy-Marine Corps Appellate Review Activity, Office of the Judge Advocate General, Washington, D.C.) On 4 December 1976, the appellant petitioned for review by the Court of Military Appeals. That petition was dismissed as being premature because this Court had not taken final action. (*See* Appendix II). The majority concedes that under the rules announced in *United States v. Bullington*, 13 M.J. 184 (C.M.A. 1982), and *United States v. Wilson*, 20 M.J. 335 (C.M.A.1985), we cannot, by our action, preclude normal review by the Court of Military Appeals. The *normal* avenue of appeal to that Court, however, is Article 67, UCMJ, which requires a decision by this Court under Article 66. Thus, we *must* review this case in the normal course of review, *i.e.*, Article 66. So the answer to the question presented by the Judge Advocate General is, in this case at least, yes. Examination under Article 69 is precluded.

Before discussing the theory of review created by the majority, I simply note that I agree completely with Judge Gladis that there exist two alternate and exclusive methods of reviewing general court-martial cases and that there is *no* discretion vested in the reviewing body to determine which way review will take place. That is dictated by statute and depends solely on the sentence adjudged and approved. *See* Articles 66 and 69, UCMJ. Judge Gladis and I disagree, however (*see United States v. Sullivan*, No. 86 3698R (N.M.C.M.R. 31 July 1987)), because I believe that in the situation where this Court does not specifically order the return of a remanded case, that case should be reviewed as a normal case within the statutory scheme, *i.e.*, further review will be dependent upon the sentence adjudged at the rehearing and approved by the convening authority. *Cf. United States v. Wilson*, 20 M.J. 335 (C.M. A.1985), and *United States v. Bullington*, 13 M.J. 184 (C.M.A.1982).[1] In those cases the Court of Military Appeals ruled that "a case which had originally been submitted to a Court of Military Review under Article 66, and which had been returned by that court to the convening authority for further action, *could* be reviewed again by the intermediate appellate court...." *Wilson*, 20 M.J. at 336 (emphasis added). Under Article 66(c) & (d), this Court is empowered to set aside the findings and sentence in any given case and order a rehearing. I read *Wilson* and *Bullington* as standing for the proposition that the Court of Military Review can, as part of its power under Article 66, order that a remanded case be returned to that court for review upon completion of the rehearing. I do not read those cases as giving to the Court of Military Review a power not already existing in the current statutory scheme.

The basic problem with the majority position is that it creates an undefined and

---

**1.** In this regard, it is interesting to note that *United States v. Montesinos*, 24 M.J. 682 (A.C.M. R.1987), is currently before the Court of Military Appeals. *See* 26 M.J. 207 (C.M.A.1988).

unstructured power of discretion in the Courts of Military Review that has *no* basis in law and which plays havoc with the concept of finality of decisions and review.[2] In effect, the majority finds that a case which this Court has remanded and returned for a rehearing is reviewable under either Article 66 or Article 69 depending on whether or not we wish to "permit" review by the Judge Advocate General to suffice in lieu of our review. The problem is, however, who is to ask if we permit this— and when? As an example, suppose that, upon review, we affirm only some of the findings and order a rehearing on either the remaining findings and sentence or the sentence alone, and the sentence upon rehearing does not meet the threshold requirements for jurisdiction to attach under

Article 66, and the case is ultimately reviewed by the Judge Advocate General. Five years later appellant writes to the Judge Advocate General and complains that his case has not been reviewed by the Court of Military Review. He is not satisfied with the response and petitions us to appoint counsel and review the case. He then promptly dies. Must the proceedings be abated and charges dismissed? *See United States v. Roettger,* 17 M.J. 453 (C.M.A.1984).

---

**2.** For example, when can an accused petition this Court for a "grant of review?" from the time the sentence is adjudged? after an unsatisfactory review by the Judge Advocate General under Article 69? Furthermore, does this Court now have plenary power to grant or deny review? Are there any standards to determine what should be reviewed? It is noted that the Courts of Military Review Rules of Practice and Procedure do not contain any provision concerning petitions for review under Article 66.