Clyde P. **BOUDREAUX**, First Lieutenant, U.S. Marine Corps, Petitioner,

v.

**UNITED STATES NAVY–MARINE CORPS COURT OF MILITARY REVIEW**, Respondent.

Misc. Dkt. No. 89–11.
CMR Dkt. No. 74–2361.

U.S. Court of Military Appeals.

June 16, 1989.

For Petitioner: *Lieutenant Jeffrey S. Horwitz, JAGC, USNR* (argued); *William H. Forman, Jr., Esq.*

For Respondent: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (argued); *Captain Wendell A. Kjos, JAGC, USN.*

*Opinion of the Court*

COX, Judge:

This case is before us upon petitioner's claim [1] that his general court-martial con-

---

**1.** Petitioner asserts jurisdiction under the All Writs Act, 28 USC § 1651(a); Articles 66 and 69, Uniform Code of Military Justice, 10 USC §§ 866 and 968, respectively; and Rule 4(b)(1),

viction is subject to mandatory review by the United States Navy–Marine Corps Court of Military Review pursuant to the entitlement contained in Article 66, Uniform Code of Military Justice, 10 USC § 866. The appellate history of this case is set out in full in the opinion below. 26 MJ 879 (1988).

In summary, petitioner's original conviction was referred to the Court of Military Review pursuant to Article 66(b). That court affirmed the findings of guilty of three specifications, and reversed as to four others. It then remanded the case to the convening authority authorizing a rehearing on the affected charges and specifications or, in the alternative, a rehearing on the sentence, based on the three affirmed specifications.[2] The convening authority elected to order a rehearing on sentence.

On rehearing, petitioner received a punishment well below the statutory threshold for mandatory review under Article 66(b). *See* 26 MJ at 881. Under the provisions of Article 69 of the Code, 10 USC § 869, the Judge Advocate General of the Navy examined the record and upheld the findings and sentence.

As noted in the opinion below, the Judge Advocate General returned the case some 10 years later to the Court of Military Review, requesting consideration of the following issue:

WHETHER EXAMINATION UNDER ARTICLE 69, UCMJ, IS PRECLUDED IN A REMANDED CASE ONCE JURISDICTION HAS BEEN PREVIOUSLY EXERCISED BY A COURT OF MILITARY REVIEW UNDER ARTICLE 66, UCMJ, EVEN THOUGH THE REHEARING RESULTED IN A SENTENCE THAT NO LONGER MEETS THE JURISDICTIONAL REQUIREMENTS OF ARTICLE 66[ (b) ], UCMJ.

26 MJ at 881.

In a divided opinion, the Court of Military Review sitting *en banc* held that it had jurisdiction to hear the case, either under a theory of "ancillary jurisdiction" or as an extraordinary writ, but that it was not required to do so. 26 MJ at 882. The court then declined to exercise its jurisdiction. We respectfully disagree with the court's decision in this type of case.

■ We hold simply that a Court of Military Review which has acquired jurisdiction over a case retains that governance until the decision is either final or has been appealed to the United States Court of Military Appeals pursuant to Article 67(b), UCMJ, 10 USC § 867(b). This is true whether jurisdiction is acquired pursuant to Article 62,[3] 66, or 69; the All-Writs Act, 28 USC § 1651(a); or by remand from the United States Court of Military Appeals, to the extent of the terms of the remand. *Cf. United States v. Montesinos*, 28 MJ 38 (CMA 1989).

■ Once jurisdiction is acquired pursuant to Article 66, the Court of Military Review has a statutory duty to review the case to completion unless the accused has waived his right to appeal or withdrawn it.

Rules of Practice and Procedure, United States Court of Military Appeals. He prays for a Writ of Mandamus requiring the Court of Military Review to review his case under the provisions of Article 66(c). Petitioner has asked alternatively that this Court issue a writ, characterized as a Writ of Habeas Corpus in one part of his pleading and as a Writ of Mandamus in another, directing that his charges be dismissed for "inordinate post-trial review delay" in the appellate process. We find no basis to dismiss the charges in the record before us.

2. It is is noted that Boudreaux petitioned the United States Court of Military Appeals on October 31, 1975, for review of the original decision

of the Court of Military Review. The Government moved to dismiss the petition as being untimely because the case lacked finality. On December 4, 1975, this Court granted the motion to dismiss, holding that "[a]ppellant's petition for grant of review is premature." *United States v. Boudreaux*, 23 USCMA 728 (1975). Our holding today is not based on our prior action in this case or the fact that there yet remain three findings of the original decision of the court below which have not yet been subject to review by this Court.

3. UCMJ, 10 USC § 862.

Our holding is based upon three simple propositions:

First, it is clear that the Uniform Code of Military Justice requires review under Article 66(b) of certain cases. Article 67(b)(3) of the Code further provides that "on good cause shown" the United States Court of Military Appeals shall consider those "cases reviewed by a Court of Military Review." We have been consistent in our position that "Congress did not intend that our jurisdiction be diminished" by actions taken either by Courts of Military Review or convening authorities, which actions may have reduced the sentence adjudged to be less than the original jurisdictional levels. *United States v. Bullington*, 13 MJ 184, 186 (CMA 1982). This case merely extends that doctrine to another set of facts which would lead to the same result as in *Bullington*.

 Second, and more importantly, a Court of Military Review retains "ancillary jurisdiction" over a case it has remanded to ensure that it is resolved in a manner consistent with the mandate of the court. *Id.; see also, United States v. Wilson*, 20 MJ 335, 336 (CMA 1985). We never intended to limit this exercise of jurisdiction to merely reviewing what had transpired previously. Rather, recognition of jurisdiction was to ensure that the Court of Military Review "affirm[s] only such findings of guilty and the sentence ... as it finds correct in law and fact and determines, *on the basis of the whole record*, should be approved." Art. 66(c) (emphasis added).

Third, the smooth transition of a case from a Court of Military Review to and from a convening authority, and ultimately to this Court, enhances efficient and orderly administration of the appellate process, and secures for an accused the right to pursue his statutory remedies with certainty and to a natural conclusion. This fosters confidence in the fairness and integrity of the system as envisioned by Congress. It likewise preserves an accused's appellate rights, without requiring him to file a petition prior to the final action taken by his court-martial.[4]

For the foregoing reasons, the court below improperly "decline[d] to exercise" its jurisdiction in this case." 26 MJ at 882.

The portion of the petition for writ of *mandamus* directing the United States Navy–Marine Corps Court of Military Review to review this case under Article 66(b) is granted. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for review in accordance with Article 66. That court shall afford petitioner a complete review to determine if the results of the rehearing were "correct in law and fact and ... on the basis of the entire record, should be approved." Art. 66(c).

The portion of the petition for writ of *mandamus* directing dismissal of the charges against petitioner is denied.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

4. For the very same reasons of economy, efficiency, and orderly administration of the appellate process, we provided for automatic grants of review upon petitions from appellants in those cases where this Court ordered "corrective action" without retaining jurisdiction. Thus, an accused whose petition had been granted once could be assured that his right to approach the Supreme Court of the United States would not be lost by the remand. *United States v. Wynn*, 26 MJ 405, 406 (CMA 1988); Art. 67(h)(1), UCMJ, 10 USC § 867(h)(1).