# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**F.D. MITCHELL, J.A. FISCHER, M.K. JAMISON**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**DANIEL P. POST
STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201300189
GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 20 March 2013.
**Military Judge:** LtCol Nicole K. Hudspeth, USMC.
**Convening Authority:** Commanding General, 2d Marine Logistics Group, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Capt A.L. Evans, USMC.
**For Appellant:** CDR Edward V. Hartman, JAGC, USN.
**For Appellee:** Capt Matthew M. Harris, USMC.

**23 January 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced the appellant to confinement for 5 years, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement (PTA), the convening authority (CA) suspended all confinement in excess of 30 months and waived imposition of

automatic forfeitures for a period of six months from the date of his action, provided that the appellant establish and maintain a dependent's allotment.[1]

In the appellant's sole assignment of error, he contends that the Government failed to fulfill its obligation under the PTA to defer and waive the imposition of automatic forfeitures. To supplement the record, the appellant filed a motion to attach (Motion) with this court.[2] The appellant's Motion contains an affidavit from Master Sergeant (MSgt) RW, USMC, Staff Noncommissioned Officer in Charge, Marine Military Pay Operations Section, Defense Finance and Accounting Service (DFAS). The affidavit from MSgt RW indicates that the appellant established an allotment on 20 March 2013; however, because the allotment was not authorized for use with the deferral and waiver of automatic forfeitures, it was cancelled on 27 March 2013 by personnel assigned to the Installation Personnel Administration Center (IPAC), Camp Lejeune, North Carolina. According to MSgt RW, as of the date of his affidavit (30 July 2013), the appellant's "allotment remains cancelled and no money appears to have been sent to [the appellant's] son." Motion, Attachment A at 2.

In his brief, appellate defense counsel indicated that due to his inquires, the appellant's "former command has begun taking steps in order to comply with the original terms of the [PTA]." Appellant's Brief of 1 Aug 2013 at 1 n.1.

Because the appellate defense counsel averred that the appellant's former command had begun taking steps to ensure compliance with the PTA, we ordered the appellate defense counsel to answer several questions. *See* NMCCA Order of 18 Nov 2013. The primary purpose of the questions was to ascertain whether the appellant had established an appropriate allotment for his son and whether the appellant's command had taken steps to comply with the original terms of the PTA.

In his 2 December 2013 response, the appellate defense counsel indicated that despite several attempts to establish a dependent's allotment, the appellant, working through his chain of command at his place of confinement, has been unable to establish an allotment. Appellant's Answer to NMCCA Order filed

---

[1] The CA also acknowledged that he had deferred imposition of automatic forfeitures. CA's Action of 9 May 2013 at 2.

[2] We granted the appellant's Motion on 12 August 2013.

2 Dec 2013.  Although not required to do so, we note that the Government did not offer a response or dispute the accuracy of the appellant's responses to our questions.

After carefully considering the record of trial, the submissions of the parties, and the appellant's responses to our order, we find merit in the appellant's assignment of error and will order specific performance in our decretal paragraph to ensure the appellant receives the benefit of his bargain.  Arts. 59(a) and 66(c), UCMJ.

## Background

In October 2012, the Government preferred one specification of wrongful possession of digital images and videos of child pornography.  The appellant unconditionally waived his Article 32, UCMJ, investigation and negotiated a PTA with the CA in which he agreed to plead guilty to the charge and its specification.  In return, the CA agreed to suspend confinement in excess of 30 months, to disapprove adjudged forfeitures and to defer and then waive imposition of automatic forfeitures, provided that the appellant established and maintained a dependent's allotment for his dependent son, DP.  Appellate Exhibit IV at 1.[3]

Following her announcement of sentence, the military judge conducted her inquiry under RULE FOR COURTS-MARTIAL 910(h)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) to ascertain whether the

---

[3] The provision regarding automatic forfeitures stated the following:

> Automatic forfeitures will be deferred provided that the accused establishes and maintains a dependent's allotment in the total amount of the deferred forfeiture amount during the entire period of deferment.  This Agreement constitutes the appellant's request for, and the convening authority's approval of, deferment of automatic forfeitures pursuant to Article 58(b)(1), UCMJ.  The period of deferment will run from the date automatic forfeitures would otherwise become effective under Article 58b(a)(1), UCMJ, until the date the convening authority acts on the Sentence.  Further, this Agreement constitutes the accused's request for, and the convening authority's approval of, waiver of automatic forfeitures.  The period of waiver will run from the date the convening authority takes action on the sentence for six months.  The deferred and waived forfeitures shall be paid to my son, [DP], who is my dependent.

AE IV at 1.  We note that with regard to the part in the PTA concerning waiver of automatic forfeitures, there was no requirement that the appellant establish and maintain a dependent's allotment.

appellant understood the meaning and effect of the PTA.  Record at 60-63.  With regard to the automatic forfeiture provision, the military judge instructed the appellant to establish the allotment for his dependent son due to the fact that the administrative requirements associated with establishing an allotment could take some time.  *Id*. at 62.  The appellant indicated that he understood.  *Id*.

The day the appellant was sentenced, 20 March 2013, he established a voluntary allotment via his "myPay" account.  Appellant's Motion.[4]  This allotment was terminated on 27 March 2013 by personnel assigned to the IPAC, Camp Lejeune, North Carolina.[5]  *Id*.  Financial regulations require that voluntary allotments be terminated once an accused is adjudged confinement.  *Id*. at 2; *see also* Department of Defense, 7A *Financial Management Regulation* Chapter 40, paragraph 400806.

On 25 March 2013, the appellant's detailed defense counsel submitted a clemency petition requesting that the CA defer the appellant's automatic reduction from E-6 to E-1 and that all adjudged confinement in excess of 18 months be disapproved.  Clemency Petition of 25 Mar 2013.  The rationale for the request to defer automatic reduction in grade was to allow the appellant's son, DP, to receive additional funds at the higher E-6 rate.  *Id*. at 2.  On 9 April 2013, the CA disapproved the appellant's request to defer automatic reduction to E-1.[6]  On 23 April 2013, the staff judge advocate (SJA) submitted his SJA Recommendation (SJAR) to the CA.  In the SJAR, the SJA specifically concluded that the appellant had "complied with the terms of the [pretrial] agreement and is entitled to the agreed upon benefit."  SJAR at 1.  On 9 May 2013, the CA took his action indicating that imposition of automatic forfeitures had already been deferred.  CA's Action at 2.  Additionally, the CA waived the imposition of automatic forfeitures for a period of six months, "provided the [appellant] creates and maintains an

---

[4]  According to MSgt Webb's affidavit, the code "B0014" with a begin date of 20130320 signifies an allotment through use of the "myPay" system.  *See* Attachment A to Appellant's Motion.  Administered by DFAS, "myPay" is a web site and automated data exchange that allows service members and eligible personnel to conduct various financial transactions to include the establishment of certain types of allotments.

[5]  According to MSgt Webb's affidavit, the code "45020" indicates the Reporting Unit Code for the IPAC, Camp Lejeune, North Carolina.  The data entry has an end date of 20130327.  Appellant's Motion.

[6]  *See* Commanding General's Second Endorsement of 9 Apr 13 on Capt Rottkamp's ltr 5800 DEF/pbr of 25 Mar 13.

allotment in the amount of waived forfeitures, during the period of the waiver, to [DP], a dependent of the accused."

**Discussion**

Interpretation of the "meaning and effect of a pretrial agreement . . . is a question of law, subject to review under a *de novo* standard." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citation omitted). A PTA is a contract between an accused and the CA; however, contract law principles are outweighed by the due process clause of the U.S. Constitution. *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F. 1999). When, as here, an appellant argues that the Government has not complied with a term of the PTA, we review the "issue of noncompliance [as] a mixed question of fact and law." *Smead*, 68 M.J. at 59 (citation omitted). To assure that an appellant who has waived "bedrock constitutional rights and privileges," *United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011), receives the benefit of his bargain, we look beyond the terms of the PTA itself and consider "the accused's understanding of the terms of an agreement as reflected in the record as a whole." *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006).

In this case, the Government argues that because the appellant failed to establish the proper allotment, the appellant has not met his burden of demonstrating governmental non-compliance. The Government also argues that the appellant has failed to demonstrate that the automatic forfeiture provision in the PTA was material. We disagree.

Under the unique circumstances of this case, we hold that the appellant has carried his burden to convince us that protection from automatic forfeitures was a material term and that the Government has not complied with this material term. *Lundy*, 63 M.J. at 302. The record demonstrates that all participants in the proceeding -- to include the CA, the SJA, trial and defense counsel, the appellant, and the military judge -- proceeded on the assumption that the appellant's pay was a key matter for negotiation and a material term of the PTA. We also find that the clemency request to the CA to defer the appellant's automatic reduction to E-1, submitted five days following the appellant's court-martial, was primarily designed to ensure that additional funds were paid to the appellant's son.

Conceding that there is no case directly on point, the Government cites *United States v. Hatcher*, No. 200900572, 2010 CCA LEXIS 396, unpublished op. (N.M.Ct.Crim.App. 21 Dec 2010),

for the proposition that because the appellant did not establish a proper allotment as a condition precedent, there was no governmental non-compliance. We disagree and find the facts in *Hatcher* distinguishable. In *Hatcher*, Corporal Hatcher did not establish an allotment until 23 days after the imposition of automatic forfeitures took effect. In this case, the appellant established an allotment on the day of his court-martial. Although the appellant established an incorrect type of allotment, nowhere in the PTA, or in the record, was it explained that the appellant was required to establish a dependent's allotment through his administrative chain of command. With regard to the CA's agreement to defer automatic forfeitures, the condition in the PTA was for the appellant to establish an allotment. He did so. With regard to the CA's agreement in the PTA to waive automatic forfeitures, we note that there was no expressed requirement that the appellant establish an allotment. AE IV. Additionally, we find important the fact that the SJA's advice to the CA was that the appellant had complied with his obligations under the PTA. Finally, the CA's intent was clear in his action that the appellant was entitled to deferral and waiver of automatic forfeitures.

We have no evidence that the appellant was informed during the post-trial processing of this case that he had failed to establish the proper type of administrative allotment. Nor do we have evidence that the appellant, or his defense counsel, was informed that the Government had canceled his allotment. Once the appellant was notified during the appellate processing of this case that he had not established the proper administrative allotment, he avers that he has attempted to create the proper allotment on at least three occasions through his chain of command at Naval Consolidated Brig Chesapeake. *See* Appellant's Answer to NMCCA Court Order. We note that the Government did not provide a response to the appellant's claim that he made multiple attempts to establish the proper allotment.

Although we do not have a full factual exposition regarding the administrative details associated with the appellant's post-trial pay matters, we note that the Government appears to concede to the majority of the underlying facts in its Answer by citing to information in the appellant's Motion. As such, we are convinced that the appellant met his obligations under the PTA by his good faith attempt to create an allotment for his dependent via his "myPay" account. We will not hold the appellant to a higher standard for ascertaining the precise type of allotment required than that which would be discernable based on a plain reading of the PTA, particularly where there is no

6

evidence that anyone notified either trial defense counsel or the appellant of any discrepancies associated with the appellant's attempt to establish the allotment. In fact, according to the SJAR, the appellant had complied with his obligations under the PTA.

In this case, the appellant specifically disclaims that the failure to comply with the automatic forfeiture terms of the PTA rendered his pleas improvident. We agree and hold that under the unique circumstances of this case non-compliance came as a result of administrative frustration on the part of both parties. Both the appellant and the CA have the same goal in mind: providing the appellant's son with those monies that would otherwise have been automatically forfeited by operation of law. Because the appellant remains in a pay status, the situation can be remedied and the appellant can receive the benefit of his bargain. Accordingly, we order specific performance to enforce the terms of the PTA and to ensure that the appellant receives the benefit of his bargain, nothing more and nothing less. In this regard, we decline the appellant's invitation to order that the Government pay interest.

## Conclusion

Accordingly, the record of trial is returned to the Judge Advocate General of the Navy for remand to an appropriate CA. The CA may (1) grant specific performance by ensuring that the appellant's son receives the appropriate amount of funds for the automatic forfeitures that were ordered deferred and waived pursuant to the PTA; or (2) provide alternative relief that is satisfactory to the appellant. The CA shall have forty-five (45) days from the date of this opinion to ensure compliance and then the record shall be returned to this court for completion of appellate review. *Boudreaux v. United States Navy-Marine Corps Court of Military Review*, 28 M.J. 181 (C.M.A. 1989).

We also order that Prosecution Exhibits 7 and 8 remain sealed, but included in the record.

For the Court


R.H. TROIDL
Clerk of Court


7