UNITED STATES, Appellee,

v.

Ronald D. ROGERS, Staff Sergeant,
U.S. Army, Appellant.

No. 53,237.
CM 447023.

U.S. Court of Military Appeals.

March 24, 1986.

For Appellant: *Captain David L. Carrier* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Arthur L. Hunt, Major Stephen R. Dooley* (on brief); *Major Marion E. Winter* and *Captain Martin Healy.*

For Appellee: *Captain Richard G. Mann, Jr.* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle Lieutenant Colonel Larry D. Williams* (on brief); *Captain Robert L. Swann.*

*Opinion of the Court*

COX, Judge:

Consistent with his pleas, appellant was found guilty by general court-martial before a military judge alone of possessing marihuana with intent to distribute, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. His approved sentence includes a bad-conduct discharge, reduction to the lowest enlisted pay grade, confinement for 1 year, and total forfeitures. Because the record of trial

does not establish that appellant was informed of his appellate rights, he asks this Court to remand this case for the purpose of having the military judge advise him of his rights on the record and affording him all of his post-trial rights anew.[1]

The facts are undisputed. Prior to deliberating on the sentence, the military judge gave trial defense counsel a document containing advice about all of Rogers' appellate rights.[2] The military judge charged defense counsel with discussing these rights with Rogers while the judge deliberated. After announcement of sentence, the following colloquy occurred between the military judge and Rogers' civilian defense counsel:

> MJ: Very well. Have you gone over the appellate rights with the accused?
>
> IDC: I have not quite completed it with him, Your Honor.
>
> MJ: Fine. If you would do that and have him sign it, please, that will be attached to the record as· an appellate exhibit.
>
> The Court is adjourned.

Subsequent to the trial and after service of the Recommendation of the Staff Judge Advocate, individual defense counsel waived the right to submit a petition for clemency or to otherwise comment on the case. R.C.M. 1105(d) and 1106(f)(6), Manual for Courts-Martial, United States, 1984. In due course, Rogers' case was reviewed by the Court of Military Review, which held that the military judge had committed error, but that appellant had suffered no prejudice "by the military judge's failure to comply with R.C.M. 1010." *United States v. Rogers*, 20 M.J. 847, 850 (A.C.M.R. 1985).

We granted review to consider and interpret R.C.M. 1010 in light of this case and numerous others which are now pending before this Court.[3]

The language of R.C.M. 1010 is clear and unequivocal. It imposes on the military judge two simple requirements: He must "inform the accused of" his appellate rights before adjournment, and he must "inquire" on the record to ensure that these rights are understood. Unlike Fed.R. Crim.P. 32(a)(2), which requires advice on appellate rights in contested cases only,[4] the military judge must comply with this requirement whether an accused pleads guilty or is found guilty in a contested case.

The threshold question here is whether the military judge informed Rogers of his appellate rights. R.C.M. 1010 is silent as to whether the military judge must orally advise an accused of his rights or whether it suffices to have the advice rendered in writing. We hold that the advice may be given in either written form or orally.

The word "inform" is not a term of art in the sense that the information must be imparted in a particular format. It is sufficient if the information is provided in such a manner that it can be understood easily by the accused. To "inform" means "to impart knowledge or information" and "to ... supply knowledge or enlightenment" concerning a particular fact or circumstance. *The Random House College Dic-*

---

1. The issued granted review by this Court is: WHETHER THE MILITARY JUDGE ERRED BY FAILING TO INFORM THE APPELLANT OF HIS APPELLATE RIGHTS AND BY FAILING TO ENSURE THAT THE APPELLANT UNDERSTOOD THESE RIGHTS.

2. The document is reprinted as an Appendix to this opinion.

3. We have granted appellant's petitions in 14 similar cases. It is apparent that the practice of advising an accused of his appellate rights in writing has become standard procedure for some military judges.

4. Fed.R.Crim.P. 32(a) states:

> (2) *Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.

*tionary* 683 (Rev. ed. 1980). As a practical matter, there are good reasons to provide an accused with written information and to require that defense counsel discuss and explain the written information with him. First, it memorializes the fact that defense counsel has indeed carried out his responsibility to discuss appellate rights with the accused. Second, it mitigates the possible hostility an accused may have towards the military judge who has just sentenced him. Furthermore, if the accused is provided a copy of the document he has just executed—as he should be—then he can read it again after the turmoil and emotions involved with the sentencing procedure have passed.

■ The second duty imposed upon the military judge by R.C.M. 1010 is that he "shall inquire of the accused to ensure that the accused understands" his appellate rights. This inquiry must be "on the record." S.Rep. No. 53, 98th Cong., 1st Sess. 18 (1983). To satisfy the requirements imposed by R.C.M. 1010, a minimum of three things must be reflected in the record:

(1) That the accused has been advised of his appellate rights, either orally or in writing. If the advice has been given in writing, then the inquiry should make clear that the accused has read the advice and has signed the advice form.

(2) That the accused understands his rights. If the advice has been given in written form, then an acknowledgment that the accused has discussed the rights with his lawyer also would be appropriate.

(3) That the military judge has given the accused an opportunity—in open court—to request an explanation of *any* right he does not understand.

■ Turning to the case before us, the Appendix to this opinion is sufficient to meet the requirement of R.C.M. 1010(a) that the military judge "inform the accused of" his appellate rights. Because the court adjourned before the document was executed, however, the record does not reflect whether the military judge ensured that the accused understood those rights. Accordingly, the requirements of R.C.M. 1010(b) were not met.

Appellant has urged this Court to hold that this is reversible error per se and to "set aside the convening authority's action and remand the case to the ... Court of Military Review with direction to order an Article 39(a) [,UCMJ, 10 U.S.C. § 839(a)] session so that R.C.M. 1010 may be satisfied, followed by a new review and action." We decline to do either.

■ Appellant obviously understood and indeed has exercised his judicial appellate rights. He did not waive review by the Court of Military Review; he requested representation by appellate defense counsel; and he appealed to this Court. Nevertheless, appellant suggests that, because the record does not show that he understood his right to *personally* submit matters to the convening authority, and his civilian attorney, not he, waived his right to submit matters, reversal is mandated. We do not agree.

Trial defense counsel has long been charged with responding to the staff judge advocate's review (now Recommendation). *United States v. Smart,* 21 M.J. 15 (C.M.A. 1985); *United States v. Kincheloe,* 14 M.J. 40 (C.M.A. 1982); *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975). Furthermore and of equal significance, appellant has not alleged that he did not understand his post-trial and appellate rights, or that he would have taken any different action if the military judge had properly complied with R.C.M. 1010. *See United States v. Smart, supra* at 18. *See also United States v. Johnson,* 21 M.J. 211, 216 (C.M.A. 1986) ("court below could have required some showing by the accused as a precondition for his asserting a claim that he had been deprived of his statutory right.")

We have reviewed the entire record of trial and conclude, as did the Court of Military Review, that the military judge's failure to comply with the requirements of R.C.M. 1010 did not prejudice the substantial rights of this appellant.

The decision of the United States Army Court of Military Review is affirmed.

## APPENDIX

APPELLATE RIGHTS ADVICE GENERAL COURT–MARTIAL IF SENTENCE INCLUDES A PUNITIVE DISCHARGE, DISMISSAL, OR CONFINEMENT FOR ONE YEAR OR MORE:

After the record of trial is prepared in your case, the convening authority will act on your case. The convening authority may approve the sentence adjudged or provided in your pretrial agreement, or may approve a lesser sentence or may disapprove the sentence entirely. The convening authority may not increase the sentence. The convening authority may also disapprove (some or all of) the findings of guilty. The convening authority is not required to review the case for legal errors, but may take action to correct legal errors.

You have the right to submit matters to the convening authority before that officer takes action on your case. These matters must be submitted to the convening authority within 30 days of today or within 7 days after you or your counsel receive a copy of the record of trial, whichever is later. The convening authority may extend these periods for good cause.

Before the convening authority takes action, the staff judge advocate will submit a recommendation to the convening authority. This recommendation will be sent to your defense counsel before the convening authority takes action, and you may submit matters in response to the recommendation within 5 days of receiving it. The convening authority may extend this period for good cause.

After the convening authority takes action, unless you waive appellate review, your case will be reviewed by the Army Court of Military Review. You are entitled to be represented by counsel before such court. Military counsel will be appointed to represent you at no cost to you, and if you so choose, you may be represented by civilian counsel at no expense to the United States.

The Court of Military Review will review your case for any legal errors, and for factual sufficiency. It will also consider whether the sentence is appropriate.

After the Court of Military Review completes its review, your case could be reviewed on your request or otherwise by the Court of Military Appeals, and, if it were reviewed by the Court of Military Appeals, by the Supreme Court. You would have the same rights to counsel before those courts as you have before the Court of Military Review.

If you waive appellate review, the aforementioned rights are given up.

If you do not waive appellate review, you may withdraw your case from appellate review at a later time, before such review is completed.

If you do waive, or later withdraw your case from, appellate review, you may not change your mind later. Once you file a waiver or withdrawal, your decision is final and appellate review is barred.

If you waive or withdraw appellate review, your case will be reviewed by a judge advocate for legal error. You may suggest, in writing, possible errors for that judge advocate to consider. The judge advocate's conclusions will be sent to the general courts-martial convening authority for final action in your case.

After review by the judge advocate and action by the general courts-martial convening authority is completed, you may request the Judge Advocate General to take corrective action in your case. Such a request must be filed within two years after the convening authority takes action unless you can show good cause for filing later.

You have the right to the advice and assistance of counsel in exercising your post-trial and appellate rights and in making any decision to waive them.

IF THE SENTENCE DOES NOT IN-CLUDE A PUNITIVE DISCHARGE, DISMISSAL, OR CONFINEMENT OF ONE YEAR OR MORE

After the record of trial is prepared in your case, the convening authority will act on your case. The convening authority may approve the sentence adjudged or provided in your pretrial agreement, or may approve a lesser sentence or may disapprove the sentence entirely. The convening authority may not increase the sentence. The convening authority may also disapprove (some of or all of) the findings of guilty. The convening authority is not required to review the case for legal errors, but may take action to correct legal errors.

You have the right to submit matters to the convening authority before that officer takes action on your case. These matters must be submitted to the convening authority within 30 days of today or within 7 days after you or your counsel receive a copy of the record of trial, whichever is later. The convening authority may extend these periods for good cause.

Before the convening authority takes action, the staff judge advocate will submit a recommendation to the convening authority. This recommendation will be sent to your defense counsel before the convening authority takes action, and you may submit matters in response to the recommendation within 5 days of receiving it. The convening authority may extend this period for good cause.

After the convening authority takes action, unless you waive further review, your case will be forwarded to the Judge Advocate General for examination. The record will be examined in the office of the Judge Advocate General for any legal errors and concerning the appropriateness of the sentence, and the Judge Advocate General may take corrective action, if appropriate. Do You Understand?

I, /s/ Rogers, Ronald D., have read and understand my post-trial rights.

/s/ Ronald D. Rogers

Date: 7 Feb 85

EVERETT, Chief Judge (concurring):

If appellant had represented to this Court or the court below that there was some specific information that he could have presented to the convening authority in order to obtain a favorable exercise of command prerogative, I might be inclined to give some relief. He has made no such showing, so I concur fully with Judge Cox.