## UNITED STATES

v.

**Sergeant Alfred H. CARVER, FR 087–50–4844, United States Air Force.**

### ACM 27850.

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 April 1989.

Decided 19 Sept. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Paul M. Dankovich.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Major Terry M. Petrie and Captain Nancy H. Baumgartner, USAFR.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

BLOMMERS, Judge:

After finding the appellant guilty of wrongful use of cocaine on divers occasions and wrongful distribution of cocaine on one occasion in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, and sentencing him to a bad conduct discharge, fifteen months confinement, forfeiture of all pay and allowances, and reduction to airman basic (E–1), the military judge concluded the trial as follows:

> MJ: Captain Farris, have you explained post-trial and appellate rights to Sergeant Carver?
>
> DC: Yes, ma'am, I have.
>
> MJ: And do you have any questions about your post-trial or appellate rights?

ACC: No, ma'am.

MJ: The court-martial is then adjourned.

It is asserted that this rights advisement was inadequate. We agree, but find no prejudice to the appellant.

R.C.M. 1010 requires that the military judge *shall* inform accused of their post-trial and appellate rights. The rule lists four specific subject areas that must be covered. Relying on what counsel may have advised an accused is not sufficient to meet the requirements of this rule. *United States v. McIntosh,* 27 M.J. 204, 207–208 (C.M.A. 1988); *United States v. Rogers,* 21 M.J. 435 (C.M.A.1986).

■ We recognize that some may question the wisdom behind this rule, especially when such advice is to be given at a point in the proceedings when an accused's emotional stability and ability to comprehend are likely to be diminished. However, as long as the rule exists, we must follow it. At a minimum, the military judge must personally advise the accused of the subject matter set forth in the rule. This may be accomplished either orally or through the use of written material. *See United States v. McIntosh, supra.* Failure to do so only creates the opportunity for appellate issues. *United States v. Rogers,* 21 M.J. at 437.

It is possible some confusion may exist because the Analysis to R.C.M. 1010 provides in part: *"February 1986 Amendment*: This rule was changed to delete subsection (b) which required an inquiry by the military judge. The Senate Report addresses only advice; inquiry to determine the accused's understanding is deemed unnecessary in view of the defense counsel's responsibility in this area." [1] MCM, App. 21 at A21–68.1 (1984). *See* S.Rep. No. 53, 98th Cong., 1st Sess. 18 (1983). As we interpret this change, it only eliminated the requirement that the military judge ascertain on the record that the accused in fact understood the rights advisement the military judge had just provided. It did not

---

**1.** Before amendment, Rule 1010 included the following provision: "(b) *Inquiry.* After compliance with subsection (a) of this rule [the advice requirement, which is still contained in the present rule], the military judge shall inquire of the accused to ensure that the accused understands the advice."

eliminate the requirement that the military judge give the rights advisement. As Chief Judge Everett stated last year in *McIntosh*: "The only requirements under this rule are that the accused receive the information in some intelligible form at the end of the trial and be provided a reasonable opportunity to ask the judge about his rights on the record." *United States v. McIntosh*, 27 M.J. at 208. In other words, the judge must provide the advice set forth in the rule and ask whether the accused has any questions (of course, if the accused does, we presume the military judge will provide appropriate answers).

We find no prejudice to the appellant's substantial rights because of the omission in this case. Both he and his counsel made post-trial submissions that were considered by the convening authority. R.C.M. 1105, 1106. He requested counsel during the appellate process (*see* AF Form 304, Request for Appellate Defense Counsel, January 1985) and is being represented by appellate counsel before this Court. He makes no claim that he was unaware of any of his post-trial and appellate rights or that he would have acted differently if the military judge had properly complied with R.C.M. 1010. *United States v. Rogers*, 21 M.J. at 437; *United States v. Darby*, 27 M.J. 761, 765 (A.F.C.M. R.1988).

The approved findings of guilty and the sentence are correct in law and fact [2] and, on the basis of the entire record, are

AFFIRMED.

Senior Judges LEWIS and KASTL concur.

---

**2.** *See United States v. Ohrt*, 28 M.J. 301 (C.M.A. 1989) (the foundation requirement); R.C.M. 905(e); Mil.R.Evid. 103(a)(1).