**UNITED STATES**

v.

**Airman Basic William H. FREEMAN, FR 454–77–6909, United States Air Force.**

**ACM S28117.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 April 1989.

Decided 16 Nov. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major Lynne H. Wetzell and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport; Major Terry M. Petrie; Captain David G. Nix and Major Scott W. Stucky, USAFR.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

1.  *Cf. United States v. Gunter,* 29 M.J. 140 (C.M.

## DECISION

BLOMMERS, Senior Judge:

This case presents an issue under the rule established by the United States Court of Military Appeals regarding admissibility of testimony under R.C.M. 1001(b)(5). *United States v. Ohrt,* 28 M.J. 301 (C.M.A. 1989). During the presentencing portion of the trial, prior to presentation of evidence by the defense, the prosecution called the appellant's squadron section commander. The commander's testimony about his knowledge of the appellant met the foundation requirement of *Ohrt,* though barely.[1] Based upon this knowledge, the commander then testified as to how he would rate the appellant if he was rendering a performance report on him at that time. Thereafter, the following question by trial counsel and the witness' reply appear in the record:

Q. Uh do you have an opinion as ... as to Airman Freeman's potential for further productive service in the United States Air Force?

A. Yes sir, my personal and professional opinion from a squadron section commander point of view is that he has little potential for uh added service to the United States Air Force.

There was no objection to the question or answer, and defense counsel did not cross-examine this witness.

Appellate defense counsel argue that this is the type of euphemism that says "give the accused a punitive discharge," which is expressly prohibited by *Ohrt.* We tend to agree in this case. The statement infers the appellant has no potential for added service to the Air Force, and should be discharged. The only discharge option a court-martial has is a punitive one. *Id.* at 305. The government takes the position that the only rule established by *Ohrt* is the foundation requirement, which was the basis of the Court's decision in that case. *Id.* at 307.

■ We view *Ohrt* as establishing a two-pronged test for admissibility of opinion

A.1989).

testimony about rehabilitation potential under R.C.M. 1001(b)(5). *See* Mil.R.Evid. 701. *First,*

a foundation must be laid to demonstrate that the witness does possess sufficient information and knowledge about the accused—his character, his performance of duty as a servicemember, his moral fiber, and his determination to be rehabilitated—to give a 'rationally based' opinion.

28 M.J. at 304. Additionally, even though the foundation requirement is met, the opinion must be based upon an assessment of the accused's character and potential, not merely on the commander's view of the severity of the offense(s) involved. *United States v. Horner,* 22 M.J. 294 (C.M.A.1986); *United States v. Beno,* 24 M.J. 771 (A.F.C. M.R.1987), *pet. denied* 26 M.J. 57 (C.M.A. 1988). And *second,* the questions asked or answers given may *not* be formulated, either directly or by fair inference, so as to equate to expression of an opinion about whether an accused should be punitively discharged. That is a question for the court-martial to decide, not the witness. 28 M.J. at 305. Failure to meet *either* prong can constitute error.

Practitioners at the trial level would be wise to heed Judge Cox's words: "The use of euphemisms, such as 'No potential for continued service'; 'He should be separated'; or the like are just other ways of saying, 'Give the accused a punitive discharge.'" *Id.*

■ Regarding the specific form questions and answers about rehabilitation potential may or may not take, assuming a witness is properly qualified, we can provide no clear cut guidance. What is important is whether the opinion testimony, taken as a whole in the context of the language used, represents a genuine insight into the character and potential of the accused to be rehabilitated or, instead, simply constitutes an attempt by the witness to influence the court to return a sentence that includes a punitive discharge. In other words, we cannot say categorically that certain words of qualification in terms of potential for rehabilitation, such as "in the Air Force" or "added service," are impermissible *per se.* While the Court of Military Appeals has expressed its view in *Horner* that the term "rehabilitation" denotes a return to society generally as opposed to a return to a particular status, the Court has also recognized that "rehabilitation" testimony properly addresses the issue of an accused's potential "to become a responsible member of the military community." *United States v. Antonitis,* 29 M.J. 217, 220 (C.M.A.1989).

■ Nevertheless, the appellant is entitled to no relief in this case. No objection was raised at trial to the above quoted question and answer.[2] We find any error committed to have been waived. R.C.M. 801(g). *See also United States v. Ohrt,* 28 M.J. at 304; *United States v. Haynes,* 29 M.J. 610 (A.C.M.R.1989).

■ Even if waiver were not applied, we would find no prejudice to the substantial rights of the appellant. Article 59(a), UCMJ, 10 U.S.C. § 859(a). This was a guilty plea, judge alone trial. The appellant was charged with uttering 17 worthless checks with intent to defraud over a one-month period (total value of checks was $720.00). He also stole four packs of cigarettes from the Base Exchange. In a four-month period prior to commission of these offenses, he had received Article 15 punishment on two occasions (one for larceny of Exchange merchandise, the other for failure to go), two letters of reprimand (one for fraudulently obtained advanced pay, the other for writing a check without sufficient funds for payment), and a letter of admonition (for failing to maintain a clean and orderly barracks room). After proper inquiry by the military judge, defense counsel was permitted to present argument conceding the appropriateness of a bad conduct discharge. The maximum punishment was the jurisdictional limits of a special court-martial, to which this case had been referred. The judge sentenced the appel-

---

**2.** Earlier in the witness' testimony, defense counsel had objected to him mentioning specific instances of conduct during counseling sessions with the appellant. The military judge sustained the objection.

lant to a bad conduct discharge and 30 days confinement. We are convinced that the sentence is no different than that which would have been adjudged had the aforementioned testimony by the commander not come before the court. *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

It was unclear from the record of trial and allied papers whether clemency matters submitted by the appellant had been considered by the convening authority. Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2); R.C.M. 1107(b)(3)(A)(iii). *See United States v. Craig,* 28 M.J. 321 (C.M.A.1989). We specified an issue in this regard. Appellant government counsel have provided an affidavit from the convening authority wherein he attests that he did consider the matters submitted before taking action in this case. *See United States v. Youngren,* 28 M.J. 255, 256 (C.M.A.1989) (Sum.Dis.); *United States v. Blanch,* 29 M.J. 672 (A.F. C.M.R.1989). This resolves our concern.

The findings of guilty and the sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, on the basis of the entire record they are

AFFIRMED.

Senior Judge KASTL and Judge MURDOCK concur.