UNITED STATES

v.

Anthony B. CLAXTON, Aviation
Electrician Mate First Class,
U.S. Coast Guard.

CGCM 0006.
Docket No. 902.

U.S. Coast Guard Court of
Military Review.

31 Jan. 1990.

Trial Counsel: LCDR Michael J. Devine, USCG.

Detailed Defense Counsel: LCDR Stefan G. Venckus, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG.

Before Panel Two, BAUM, BARRY and GRACE, Appellate Military Judges.

ON RECONSIDERATION OF THIS
COURT'S DECISION OF 30
SEPTEMBER 1989

BAUM, Chief Judge:

On October 25, 1989, in accordance with Rule 19 of the Courts of Military Review Rules of Practice and Procedure, this Court granted the Government's motion for reconsideration of our decision of September 30, 1989 [1]. Since the prejudicial errors found by this Court which formed the basis for our decision to set aside the punishment and order a sentence rehearing were developed independently as part of our Article 66, UCMJ, 10 U.S.C. § 866 review and had not been assigned, briefed or argued by counsel, it was deemed appropriate to reconsider our previous action in order that the Government could be fully heard on the

---

1. *U.S. v. Claxton,* 29 M.J. 667 (C.G.C.M.R.1989).

errors we had discerned. The issues have now been briefed and orally argued by the Government. Upon further review, after consideration of all matters presented, the earlier decision affirming the findings of guilty, setting aside the sentence, and ordering a sentence rehearing is reaffirmed.

## I—EVIDENCE CONCERNING REHABILITATIVE POTENTIAL

In our earlier decision, we found that testimony from the accused's commanding officer as to the accused's rehabilitative potential, proffered by the Government without objection by the defense, constituted prejudicial error. A principal case underpinning for our decision was *U.S. v. Ohrt*, 28 M.J. 301 (C.M.A.1989). The Government argues that since *Ohrt* had not been decided at the time of trial, that decision should not constitute a basis for finding plain error in this case.

In this regard, the Government contends that, "[a]t the time of this trial, R.C.M. 1001(b)(5) appeared on its face to expressly permit this type of testimony and only the subsequent interpretation by the Court of Military Appeals has resulted in the modification of the rule." Brief for Government at 5. Consequently, according to the Government, the purported error should be deemed waived, without objection or other action to preserve the issue, and that retroactive application of *Ohrt* should be limited to those cases where the issue was raised during trial.

In response to this argument, we note first that R.C.M. 1001(b)(5) had already been amplified in certain respects by *U.S. v. Horner*, 22 M.J. 294 (C.M.A.1986) when the instant case was tried. *Horner* provided ample guidance to the Government as to the kind of foundation needed for the commanding officer's testimony. That necessary foundation was not elicited. Accordingly, there is reason for finding error without recourse to *U.S. v. Ohrt*, supra. However, in the interest of fulfilling our Article 66, UCMJ responsibilities to affirm only such sentence as the Court finds "correct in law and fact and determines, on the

basis of the entire record should be approved," we deem it appropriate to apply the principles of *Ohrt* and *U.S. v. Gunter*, 29 M.J. 140 (C.M.A.1989) to the case before us. It is this very Article 66 responsibility that convinces us not to apply the concept of waiver in this case. *Accord, U.S. v. Evans*, 28 M.J. 74 (C.M.A.1989), *U.S. v. Francis*, 25 M.J. 614 (C.G.C.M.R.1987). For the foregoing reasons, we adhere to our earlier determination that the commanding officer's testimony in aggravation was prejudicial error.

## II—UNCHARGED MISCONDUCT

Objections were voiced at trial to the uncharged misconduct we found to be inadmissible, so no question of waiver has been raised with respect to this issue. Instead, the Government argues that both the cross-examination regarding the accused's use of amphetamines and the Deputy Group Commander's testimony concerning the accused's civil arrest were permissible rebuttal to matters already presented by the defense in extenuation and mitigation. We were not of that view initially and, having heard the Government's argument, we remain unpersuaded.

■ As pointed out in our first decision, the particular uncharged misconduct testimony concerning appellant's civil arrest and resultant confinement was not at all necessary to explain the accused's stoppage of pay. All that was needed to answer the court member's question in that regard was for the judge to explain that administrative pay regulations, as interpreted by the Commandant, had resulted in termination of the accused's pay upon the simultaneous occurrence of two events—pretrial confinement and expiration of the accused's enlistment. When the judge allowed the Government to go beyond that explanation and bring to the attention of the court members the uncharged misconduct pertaining to civil arrest, it was error that materially prejudiced the accused. The unmistakable impact of that testimony was highlighted by the unanswered questions it provoked from the members concerning the details of the accused's civil

arrest. The prejudicial effect was further exacerbated by the judge's failure to adequately instruct the court members concerning the unanswered questions and the requirement that the matters raised not be used against the accused.

### III—APPROPRIATE REMEDIAL ACTION

When we first decided this case we concluded that a rehearing on the sentence was necessary to purge the prejudicial effect of the errors committed. The Government argues that on reconsideration, even if we adhere to our findings of error, a rehearing is not warranted to correct those errors. The Government asserts that reassessment of the sentence by this Court is entirely appropriate, that we have done it many times before, and that in the interest of judicial economy we should take such action in this instance. Moreover, upon reassessment, counsel argues that in view of the entire record a minimum sentence of a Bad Conduct Discharge and time served in confinement should be affirmed.

The appropriate standard for reassessment of a sentence to cure prejudicial error was articulated by this Court in *U.S. v. Breseman,* 21 M.J. 973, 975 (C.G.C.M.R. 1986), where we quoted at length from Chief Judge Everett's opinion in *U.S. v. Suzuki,* 20 M.J. 248 (C.M.A.1985). In *Suzuki,* it was stated that,

> "[w]hen prejudicial error has occurred in a trial, not only must the Court of Military Review assure that the sentence is appropriate in relation to the affirmed findings of guilty, but also it must assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed. Only in this way can the requirements of Article 59(a), UCMJ, 10 U.S.C. § 859(a), be reconciled with the Code provisions that findings and sentence be rendered by the court-martial, see Article 51–52, UCMJ, 10 U.S.C. §§ 851 and 852, respectively."

Id. at 249.

Subsequently, in *U.S. v. Sales,* 22 M.J. 305, 307 n. 3 (C.M.A.1986), the Court of Military Appeals went on to say that:

If it cannot be reasonably certain as to the severity of the sentence that would have resulted in the absence of the error at trial, then the Court of Military Review should not reassess the sentence but should order resentencing at the trial level. *Cf. United States v. Dukes,* 5 M.J. 71 (C.M.A.1978).

■ As we have said, the sentence imposed by the Court in the instant case, a Bad Conduct Discharge, confinement for two and a half years and reduction to pay grade E–1, was undoubtedly affected by the several errors that we have found. The improper testimony of the Deputy Group Commander concerning civil arrest was, from our perspective, particularly damaging. That it affected the sentence we are certain. The extent of that impact, however, we are unable to assess with certainty at this level. In short, applying the standard from *Suzuki,* supra, we cannot be assured upon reassessment what minimum sentence the court would have imposed had the prejudicial errors not been committed. The cumulative effect of these errors was such that we are unable to make that judgment. Therefore, following the precept of *U.S. v. Sales,* supra, we deem the rehearing previously ordered to be the appropriate course of action.

■ There are other reasons supporting a sentence rehearing rather than reassessment by this court. A "meaningful" reassessment of the sentence would require an evaluation of the weight to be given the two and one half years of confinement already served in arriving at an appropriate sentence. We are unable to determine the force of this factor on the minimum sentence a court would impose, particularly since we are convinced that the errors we have found contributed significantly to that two and one half years confinement in the first place. Similarly, if the pretrial confinement without pay amounted to unlawful punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813 as questioned in footnote 1 of our prior opinion (and on which we have expressed no conclusion),

this would bear on the appropriate minimum sentence as well[2].

For all of these reasons, our previous decision is reiterated. The findings of guilty are deemed correct in law and fact and are affirmed. The sentence is set aside and a rehearing on sentence is ordered. If a rehearing is deemed impracticable, the convening authority may issue an order promulgating the affirmed findings with a sentence of no punishment imposed. Finally, appropriate authority shall expeditiously appoint a trial defense counsel to represent the accused in order to avoid the kind of problems encountered in *Hollywood v. Yost*, 20 M.J. 785 (C.G.C.M.R. 1985), where a sentence rehearing was ordered, but counsel was not appointed to represent the accused until ordered by this Court in response to a petition for extraordinary relief. Upon completion of action by the convening authority, whether it includes a rehearing or otherwise, the record shall be returned to this Court for review and final action pursuant to the requirements of *Boudreaux v. U.S. Navy–Marine Corps Court of Military Review*, 28 M.J. 181 (C.M.A.1989). All rights, privileges and property of which the accused has been deprived by virtue of the sentence we have set aside will be restored pending further action in this case.

Judges BARRY and GRACE concur.

---

2. As a related matter, questions persist as to the legality of the decision to stop appellant's pay upon his confinement prior to trial. In addition to those noted in our earlier opinion, the following also come to mind: (1) Are the old decisions of the Comptroller General (CompGen), which are the basis for the applicable pay regulation, valid in light of current Court of Military Appeals decisions concerning forfeitures and pay? (2) Assuming the CompGen decisions are still valid, does the applicable pay regulation impermissibly extend them beyond their factual bases? (3) Assuming the pay regulation was lawful, was its application to the facts of this case proper? Specifically, should the regulation apply to pretrial confinement? In particular, should it apply to pretrial confinement prompted by a civil arrest on charges for which there has been no conviction at the time of pay stoppage? Also, with respect to the particular facts here, did the accused's enlistment actually expire while he was confined or was the accused's enlistment extended indefinitely by operation of law pursuant to R.C.M. 202 upon the preferring of charges at a time when appellant was in a duty status with pay? While these questions come to mind, we are not suggesting that all of them necessarily need be answered, or even addressed, in a rehearing. The questions do, however, highlight but one of the many troubling aspects of this case which lead us to conclude that action to reassess the sentence by this court, attractive as that option might be otherwise, is not appropriate in this instance.