UNITED STATES

v.

**Airman Basic Stephen M. DIAMOND, FR 591–09–0250, United States Air Force.**

**ACM S28255.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Dec. 1989.

Decided 26 April 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Richard W. Aldrich.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni and Captain James C. Sinwell.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

BLOMMERS, Senior Judge:

In a single assignment of error, the appellant alleges he was unfairly and substantially prejudiced by improper testimony regarding rehabilitation potential. We disagree and affirm.

### I

Pursuant to pleas of guilty, the appellant was convicted of larceny of military property, receiving stolen Government property, and housebreaking.* The appellant's attack is two-fold: (1) that there was insufficient foundation for two witnesses called in the Government's presentencing case to testify about the appellant's rehabilitation potential; and (2) their indication that he had "no potential for rehabilitation *in the Air Force*" was improper. *See generally United States v. Freeman*, 29 M.J. 865

(A.F.C.M.R.1989), *pet. denied,* 30 M.J. 119 (C.M.A.1990). This was a bench trial.

The two witnesses in question were the noncommissioned officer in charge (NCOIC) of the base Correctional Custody Facility, where the appellant had spent 30 days as the result of a previously imposed nonjudicial punishment, and the appellant's unit's dorm manager, to whom the appellant had been assigned for a four-month period following his removal from normal duties due to the present charges. Both witnesses testified that they had daily contact with the appellant while he was under their supervision, and they were intimately familiar with his performance during that period and could render an opinion on the adequacy of his duty performance and his potential for rehabilitation. The NCOIC of the Correctional Custody Facility further testified that the specific purpose of that program was rehabilitation.

▆ As to the first prong within the asserted error, (1) above, there was no defense opposition at trial as to the foundation for these two witnesses' testimony. Absent plain error, which we do not find, the matter has been waived. 29 M.J. at 867. *See also United States v. Wolfe,* 29 M.J. 1018 (A.C.M.R.1989); *United States v. Allen,* 28 M.J. 610 (A.C.M.R.1989). *Contra, United States v. Claxton,* 29 M.J. 1032 (C.G.C.M.R.1990). We also find, as did the military judge, that a proper foundation for the opinion testimony of these two witnesses was established. *Freeman,* 29 M.J. at 867. *See also United States v. Ohrt,* 28 M.J. 301 (C.M.A.1989). It is not necessarily how long a witness knows an accused, but how well—can the witness give a "rationally based" opinion as to potential for rehabilitation. *Id.* at 304.

▆ As to the second prong, (2) above, we choose not to apply waiver as there was an objection or request for clarification regarding such opinion testimony, even if somewhat belated. After listening to the testimony of each witness as it pertained to the adequacy of the appellant's duty per-

---

* His approved sentence is a ⸱ conduct discharge, 37 days confinement, anᴅ forfeiture of $466.00 pay per month for two months.

formance and potential for rehabilitation, which was certainly not elicited with crystal clarity in this case, and discussions with counsel thereabout, the military judge stated that he would not infer in any way that the witnesses were expressing an opinion as to retention or discharge from the Air Force. He would consider the testimony "as going to rehabilitation potential, period." Defense counsel indicated his satisfaction with the judge's position.

■ We find the military judge's rulings to be entirely correct, and are confident he correctly applied the law to the testimony in question and gave it proper consideration during his sentencing deliberations. *United States v. Montgomery*, 20 U.S.C. M.A. 35, 42 C.M.R. 227, 231 (1970); *United States v. Eck*, 10 M.J. 501 (A.F.C.M.R. 1980), *pet. denied*, 10 M.J. 289 (C.M.A. 1981). As we noted in *Freeman*, "certain words of qualification in terms of potential for rehabilitation, such as 'in the Air Force' or 'added service,'" are not impermissible *per se*. 29 M.J. at 867. We will look to the entire circumstances surrounding the admission of such evidence in making a decision as to its propriety. *See generally United States v. Sanford*, 29 M.J. 413 (C.M.A.1990); *United States v. Antonitis*, 29 M.J. 217 (C.M.A.1989).

## II

Staff Judge Advocates and others responsible for drafting convening authority actions should be familiar with the provisions of R.C.M. 1101(c)(4) & (c)(7)(D), 1107(f)(4)(E) and Air Force Regulation 111–1, *Military Justice Guide*, para. 15–12h (30 September 1988). We have reminded them often enough. In this case the failure to record data regarding the period the sentence to confinement was deferred in the convening authority's action caused some concern about whether the appellant received the benefit of certain clemency action on the convening authority's part. Fortunately, documents regarding the deferment were found buried in the allied papers and reference to them resolved the matter.

## III

■ Military judges should be mindful of the guidance provided in *United States v. Carver*, 29 M.J. 568 (A.F.C.M.R.1989). If the post-trial and appellate rights advisement required by R.C.M. 1010 is to be provided to an accused in writing at some point during the trial, then the record should clearly establish that the accused *in fact* read the rights advisement so provided. The better practice would be to have the accused sign the advisement acknowledging that he or she read it. The judge then need only inquire as to whether the accused has any questions about those rights. *United States v. McIntosh*, 27 M.J. 204, 208 (C.M.A.1988). *If handled in this manner, a copy of the document providing the rights advisement must be included in the record.*

The findings of guilty and the sentence are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.

Senior Judge KASTL and Judge MURDOCK concur.