**UNITED STATES**

v.

**Anthony B. CLAXTON, Aviation Electrician's Mate, First Class, USCG.**

**CGCM 0006.**

**No. 902.**

U.S. Coast Guard Court of Military Review.

May 11, 1992.

Military Judge: CAPT Richard L. Maguire, USCG.

Trial Counsel: LCDR Michael J. Devine, USCG.

Detailed Defense Counsel: LCDR Stefan G. Venckus, USCG.

Appellate Defense Counsel: LCDR G Arthur Robbins, USCG.

Appellate Government Counsel: LCDR Charles J. Bennardini, USCG.

Before PANEL TWO, BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

This Court initially reviewed this case in 1989. At that time, we affirmed the findings of guilty, set aside the sentence, ordered a sentence rehearing and directed restoration of all rights, privileges and property of which the accused had been deprived by virtue of the sentence. We reiterated that action upon reconsideration and the U.S. Court of Military Appeals ultimately affirmed our decision. *U.S. v. Claxton*, 29 M.J. 667 (C.G.C.M.R.1989), *aff'd on reconsideration* 29 M.J. 1032 (C.G.C.M.R.1990), *aff'd*, 32 M.J. 159 (C.M.A. 1991).

Thereafter, the record was returned to the convening authority, who determined not to hold a sentence rehearing. Instead, he promulgated a supplementary general court-martial order, as authorized, reflecting the affirmed findings and no punishment. Subsequently, Appellant was discharged from the Coast Guard under other than honorable conditions pursuant to his earlier request for such an administrative discharge. The record of trial was then returned to this Court in compliance with our order "for review and final action pursuant to the requirements of *Boudreaux v. U.S. Navy–Marine Corps Court of Military Review*, 28 M.J. 181 (C.M.A.1989)." *U.S. v. Claxton*, 29 M.J. 667, 671 (C.G.C.M.R.1989) Appellant has now assigned the following errors:

**I**

APPELLANT'S CONVICTION MUST BE SET ASIDE BECAUSE DUE PROCESS REQUIRES THAT A JUDGE IN A CRIMINAL CASE HAVE A FIXED TERM OF OFFICE. *BUT SEE UNITED STATES V. GRAF*, 32 M.J. 809 (N.M.C.M.R.1990), PETITION GRANTED, 33 M.J. 189 (C.M.A.1991) (MEM.).

**II**

APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION.

**III**

THE COURT OF MILITARY REVIEW IS WITHOUT POWER TO AFFIRM THE FINDINGS OF GUILTY BECAUSE THE APPELLATE MILITARY JUDGES ARE ASSIGNED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION.

**IV**

THE GOVERNMENT HAS YET TO COMPLY WITH THIS COURT'S OR-DER TO RESTORE ALL RIGHTS, PRIVILEGES AND PROPERTY OF WHICH THE ACCUSED HAS BEEN DEPRIVED BY VIRTUE OF THE SENTENCE WHICH THIS COURT SET ASIDE. *UNITED STATES V. CLAXTON*, 29 M.J. 667, 671 (C.G.C.M.R.1989), *AFF'D ON RECONSIDERATION*, 29 M.J. 1032, 1035 (C.G.C.M.R.1990), AFF'D, 32 M.J. 159 (C.M.A.1991).

*Assignments of Error I, II and III*

Absent a sentence in this case, the first three assignments of error bear only on Appellant's conviction. Since the findings of guilty have become final by operation of law after being affirmed by this Court and the U.S. Court of Military Appeals,[1] consideration of the first three assignments of error is outside the purview of this Court. *U.S. v. Reed and U.S. v. Hedlund*, 1 M.J. 1114, 1115, 1117 (N.C.M.R. 1977) (Baum, J. concurring), *U.S. v. Hedlund, aff'd on other grounds*, 7 M.J. 271 (C.M.A.1979), *U.S. v. Reed, aff'd by summary disposition*, 7 M.J. 387 (C.M.A.1979). Accordingly, Assignments of Error I, II, and III are rejected.

Were we to consider assignments one through three at this point, we would find the Government's waiver argument to be persuasive. As pointed out by the Government, these assignments are not jurisdictional. The first asserted error raises a due process question, not one pertaining to jurisdiction. Likewise, the second and third assignments raise what has been characterized by the U.S. Supreme Court as "nonjurisdictional structural constitutional objections", *Freytag v. Commissioner of Internal Revenue*, —— U.S. ——, 111 S.Ct. 2631, 2639, 115 L.Ed.2d 764 (1991), which may be considered waived or forfeited, if not preserved. The assignments were not asserted at trial, were not submitted to this Court on initial appeal or upon reconsideration, and they were not proffered to the U.S. Court of Military Appeals when the case was at that level.

---

1. Article 76, UCMJ, 10 USC 876.

Thus, it is difficult to conceive of more compelling circumstances calling for application of the forfeiture, or waiver, principle than those presented by the instant case.

### Assignment of Error IV

In contrast, the fourth assignment of error, which contends that this Court's restoration order has not been met, properly relates to a matter which is still open to review by this Court. As stated in *Boudreaux v. U.S. Navy–Marine Corps Court of Military Review, supra,* "a Court of Military Review retains 'ancillary jurisdiction' over a case it has remanded to ensure that it is resolved in a manner consistent with the mandate of the court." 28 M.J. at 183. Appellant avers that the Government has yet to comply with this Court's order to restore all rights, privileges and property of which he has been deprived by virtue of the sentence we set aside.

To the contrary, documents, which have been accepted for consideration by this Court upon motion by counsel, reflect compliance with our mandate. Appellant was sentenced to a bad conduct discharge, confinement for two and one half years and reduction to E–1. No forfeiture of pay was imposed. In fact, the court members were told that the accused was not receiving pay at the time of trial. Appellant has now been discharged administratively from the Coast Guard at the paygrade he held before sentencing. Accordingly, nothing from Appellant's sentence remains to be restored. For that reason, Assignment of Error IV is deemed to be without merit. We expressly find that our prior decision and implementing orders in this case have been carried out correctly.

With respect to any claim for back pay, which Appellant apparently wishes us to consider, we must refer him to Senior Judge Everett's observation when the case was decided by the Court of Military Appeals. In his opinion concurring in the result, Senior Judge Everett states that issues concerning the termination or withholding of Appellant's pay are matters that could properly be litigated at the sentence rehearing, if held, or in the U.S. Claims Court. *U.S. v. Claxton,* 32 M.J. 159, 165 (C.M.A.1991) The Government, citing *U.S. v. Allen,* 33 M.J. 209, 215 (C.M.A.1991), also suggests that the matter is within the exclusive province of either the U.S. Claims Court or the Federal District Courts. Appellate Government Counsel's Brief at 1. In any event, a rehearing on the sentence was not held and the accused's entitlement to pay at the time of trial was not litigated. Accordingly, it is not a matter over which this Court has jurisdiction. Our review and final action in this case is now complete.

Judges GRACE and BASTEK concur.